IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| PETER KONNOFF and DEBRA KONNOFF, | ) | CASE NO. 2-05-bk-10845-RJH |
| | ) | |
| | ) | OPINION RE EXEMPTION OF |
| Debtors. | ) | HOMESTEAD PROCEEDS |
| _____ | ) | |

The issue here is whether a debtor must reinvest homestead proceeds within the time required by the state exemption statute in order for them to remain exempt under Bankruptcy Code § 522.[1] The Court concludes that Debtors' homestead proceeds that were exempt as of the petition date remain exempt notwithstanding the Arizona exemption statute's requirement that they be reinvested in another homestead within eighteen months.

**BACKGROUND FACTS**

Debtors Peter and Debra Konnoff sold their home on October 29, 2004. They did not commingle the sales proceeds with other funds, and the sales proceeds remained identifiable as of the petition date. Debtors filed voluntary Chapter 7 bankruptcy on June 15, 2005, and claimed as exempt the remaining sales proceeds in the amount of $83,000.00.

Arizona's homestead exemption statute applies to a homestead up to $150,000 in equity value.[2] If a homestead is sold, the homestead exemption "automatically attaches to the

---

[1] Except as otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

[2] A.R.S. § 33-1101. As permitted by Bankruptcy Code § 522, Arizona has "opted out" of the Bankruptcy Code's exemptions. "[I]n accordance with 11 U.S.C. 522(b), residents of this state are not entitled to the federal exemptions provided in 11 U.S.C. 522(d)." A.R.S. § 33-1133(B).

person's interest in identifiable cash proceeds" from the sale and so "continues for eighteen months after the date of the sale of the property or until the person establishes a new homestead with the proceeds, whichever period is shorter."[3]

Chapter 7 Trustee Jill Ford timely objected to exemption of the sales proceeds. At the hearing on her objection, the Trustee conceded that the proceeds are presently exempt but sought an order that they would become nonexempt property of the estate if Debtors fail to reinvest the proceeds into a new homestead within 18 months of the sale date, or by April 29, 2006.

**ANALYSIS**

It is generally agreed that exemptions are determined as of the petition date. To some extent this conclusion may flow from the language of the Code. At least when an exemption is claimed under state law, the Code provides that the exemption is determined pursuant to "State or local law that is applicable on the date of the filing of the petition."[4] This answer is not necessarily dispositive, however, when the applicable state law provides a time limit on the exemption. Even if the case is filed within that time limit, so the property was exempt as of the petition date, does the state law time limit continue to run postpetition and render the property nonexempt when it expires?

The Ninth Circuit effectively so held in *Golden*.[5] The court there held that a debtor lost his exemption in the sales proceeds of a homestead, even though exempt as of the petition date, because the California homestead statute requires a debtor to take affirmative steps to reinvest the proceeds in another homestead within six months. The debtor had sold his residence only two months prepetition so the proceeds were exempt both on the petition date and by the deadline for objections to claimed exemptions. Nevertheless, when the six months

---

[3] A.R.S. § 33-1101(C).

[4] Code § 522(b)(2)(A). The numbering of this provision has been changed to § 522(b)(3)(A) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), but this case was filed prior to BAPCPA's general effective date of October 17, 2005.

[5] *England v. Golden (In re Golden)*, 789 F.2d 698 (9th Cir. 1986).

2

did expire after the objection deadline, the bankruptcy court ordered the proceeds turned over to the trustee, and the Ninth Circuit affirmed. The court stated that it "must apply California law in determining whether the debtor may claim the exemption" and concluded that the purpose of California homestead statute is "not intended to allow the debtor to withdraw sales proceeds from the reach of creditors unless the proceeds were invested in another homestead."[6] Thus, the court concluded, the sales proceeds should revert to trustee when debtor failed to reinvest them into another homestead within the time permitted by the state statute, even though that time was postpetition and after the deadline for objecting to claimed exemptions.[7] The *Golden* opinion effectively relied on the debtor's post-petition conduct (or lack of action) to determine the debtor's exemption rights.

Subsequent decisions by the Ninth Circuit Bankruptcy Appellate Panel held that the debtor's postpetition conduct may not alter the exempt status of property as of the petition date.

For example, the debtor in *Kim*[8] filed a Chapter 7 petition and ten days later retired and received a lump-sum payment from his retirement plan. Trustee objected to debtor's claim of exemption of these "retirement funds" under California law because they were no longer "amounts held, controlled, or in process of distribution by a . . . retirement plan."[9] The BAP held that the cash remained exempt because "the relevant date for determining the status of the exemptions was the petition date."[10] The Panel also rejected the argument that "California

---

[6] *Id.* at 700, quoting *Thorsby v. Babcock*, 36 Cal.2d 202, 222 P.2d 863, 865 (1950).

[7] "Applying California law, we therefore hold that when the debtor fails to reinvest homestead proceeds within a period of six months in which the debtor has control of the proceeds, the proceeds should revert to the trustee." *Golden, supra,* 789 F.2d at 700.

[8] *Cisneros v. Kim (In re Kim)*, 257 B.R. 680 (9th Cir. BAP 2000).

[9] *Id.* at 684, quoting Cal.Code Civ. Pro. § 704.115(a) and (b) (West Supp. 2000).

[10] "[B]ankruptcy law is clear that debtor's exemption rights are fixed as of the petition date for the reasons set forth by the Supreme Court in *White v. Stump*, 266 U.S. 310, 45 S. Ct. 103, 69 L. Ed. 301 (1924). [quotation omitted]. *See also Owen v. Owen*, 500 U.S. 305, 314 n.6, 111 S. Ct. 1833, 114 L. Ed. 2d 350 (1991)(the proper date for determining whether an exemption exists is the date of filing of the bankruptcy petition.). To the extent that the California exemption law attempts to establish a

3

exemption law permits a court to consider post-petition use of property in determining whether that property is exempt" under California law.[11]

The reasoning and holding of *Kim* conflict with those of *Golden*. But obviously a BAP opinion cannot overrule a Ninth Circuit opinion. And even though *Kim* was affirmed by the Ninth Circuit expressly for the reasons stated in the BAP's opinion, that Ninth Circuit disposition was unpublished and therefore cannot be cited.[12] In any event one panel of the Ninth Circuit (*e.g.,* the uncitable *Kim* affirmance panel) cannot overrule a prior holding by another panel (the *Golden* panel), which can only be accomplished by an *en banc* decision.[13] Moreover, the BAP's *Kim* opinion purported to distinguish *Golden* on the ground that it dealt with a state statute that contained an express "sunset provision" whereas the retirement fund exemption statute at issue in *Kim* had no such express provision dealing with the retirement funds once they were distributed.[14] That distinction is unavailable here, because the Arizona statute at issue does contain an express "sunset provision" essentially identical in function to the provision at

---

procedure that overrides the well-settled bankruptcy law regarding the date for determining an exemption, it is preempted." *Id.* at 687.

[11] The Code's provisions permitting debtors to elect state exemptions, and permitting states to opt out of the federal scheme entirely, do "not permit a state to enact a procedural (as opposed to substantive) mechanism that defeats the long-standing bankruptcy principle that the property of the estate and exemptions are determined as of the petition date. To do so would wreak havoc with the uniformity of bankruptcy law and procedure, and would permit an unending opportunity for creditors and debtors to examine and contest post-petition actions of a Chapter 7 debtor. 'As the Supreme Court recognized in discussing the interplay between § 522(f) and state exemption exceptions in *Owen,* the state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code.'" *Id.* at 688, quoting *Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677, 683 (1st Cir. 1999).

[12] Ninth Circuit Rule 36-3(b).

[13] "It is a bedrock principle of our court that the published decision of one three-judge panel binds every other panel, from that day forward. Put another way, one panel may not overrule another; the power to overrule is confided to the en banc court, and the en banc court alone. Panels may distinguish; they may question; they may deploy virtually any of the other verbs in the *Shepard's* vocabulary. But they may not overrule." *Wolfson v. Watts (In re Watts)*, 298 F.3d 1077, 1083-84 (9th Cir. 2002)(O'Scannlain, J., concurring)(citations omitted.).

[14] 257 B.R. at 686.

issue in *Golden*. But of course the BAP's purported distinction does not distinguish *Golden* from the BAP's conclusions that federal law (1) requires exemptions to be determined as of the petition date and (2) does not permit the consideration of postpetition conduct in determining exemptions.

Similarly, in *Herman*,[15] where the debtor contracted to sell her homestead the day after filing Chapter 7, the lien creditor objected because the California automatic homestead exemption did not apply to the proceeds of a voluntary sale, but only to the proceeds of an involuntary sale. The BAP rejected the objection on the ground that the exempt status must be determined as of the date of the petition,[16] when it was still a homestead instead of proceeds. That opinion distinguished *Golden* because it dealt with proceeds existing as of the date of the petition,[17] a distinction that fails to explain why the rationale applied in *Herman* would not have compelled a different result in *Golden.*

This Court concludes that the Ninth Circuit's holding and analysis in *Golden* is no longer good law, having been overruled by the Supreme Court in *Owen.*[18]

In *Owen*, Supreme Court had to decide whether a state's definition of the scope of an exemption could limit the exemption under Code § 522(b), and particularly under the Code's lien-avoidance provision of § 522(f). The debtor claimed the Florida homestead provision as to his condominium, but under Florida law that exemption was inapplicable to judicial liens that attached before the property acquired its homestead status. In concluding that the lien could be avoided under § 522(f), the Court reached two interim conclusions that are significant here. First, it held that even in an "opt out" state, the state's exemptions do not necessarily include all

---

[15] *Harris v. Herman (In re Herman)*, 120 B.R. 127 (9th Cir. BAP 1990).

[16] "[T]he nature and extent of a debtor's exemption rights are determined as of the date of the petition. [citations omitted] The petition date is appropriate because the existence of exemptions presupposes a hypothetical attempt by the trustee to levy upon and sell all of the debtor's property upon the filing of the petition. Thus, any post-petition change in the identity of the property into proceeds has no impact upon the exemption analysis." *Id.* at 130.

[17]*Id.* at 130 n.6.

[18] *Owen v. Owen*, 500 U.S. 305 (1991).

of their "built-in limitations."[19] The Court was there referring to Florida's "built-in limitation" that its exemptions do not apply to pre-existing liens, but the concept applies equally as well to Arizona's 18-month "built-in limitation" for the exemption of homestead proceeds. Secondly, the Court concluded that "exempt property is determined 'on the date of the filing of the petition,' not when the lien fixed."[20] Both of those conclusions are contrary to the Ninth Circuit's holdings in *Golden*, and to that extent *Golden* must be regarded as having been overruled by *Owen*. After *Owen*, the Ninth Circuit would have had to decide *Golden* using the principles that a state law's built-in limitations on an exemption are not necessarily binding in bankruptcy, and that the exempt status must be determined as of the petition date. Those rules would have dictated the opposite result in *Golden*.

Because *Owen* knocked the props out from under *Golden,* it is no longer good law[21] and this Court is not bound by it.[22] Instead, the BAP's analysis in *Herman* and *Kim* are controlling. Because pre-emptive federal law does not permit the debtor's postpetition use of exempt property to change its exempt status as of the date of the petition, Arizona's "built-in limitation" of 18 months for homestead proceeds is not controlling for these purposes.[23]

The Trustee is therefore not entitled to the order requested, requiring the Debtor to invest the proceeds in a new homestead within 18 months or else forfeit the proceeds to the

---

[19] *Id.* at 313.

[20] *Id.* at 314 n.6.

[21] Just because it is no longer binding precedent, however, does not mean that the Golden rule is not still a good principle. *See* IMMANUEL KANT, CRITIQUE OF PURE REASON (1787).

[22] A Ninth Circuit panel is not bound by a prior panel's decision when the Supreme "Court, in reviewing a case from another circuit, knocks the props out from under one of our decisions." *Watts*, *supra* note 13, at 1084 (O'Scannlain, J., concurring).

[23] This is not true for all purposes, however. After April 29 the proceeds will no longer be exempt from postpetition creditors, so in that sense the proceeds do lose their exempt status after 18 months as Arizona law requires. The Bankruptcy Code does not change that result of state law. But the prepetition creditors' claims will have been discharged, and the Trustee who represents them is only entitled to hypothetically levy on the debtor's assets as of the petition date, on which date Arizona law exempted the homestead proceeds from the effect of her levy. By merely defining the date and effect of the Trustee's levy, which is purely a creature of federal law, this interpretation of the Bankruptcy Code does less violence to state exemption law than did the Supreme Court's application in *Owen*.

1  estate.  The Trustee's objection to that extent is denied, and the Debtor's claim of exemption for

2  the proceeds is upheld.

3          DATED this 29th day of March, 2006.

4

5  _Randolph J. Haines_

6          Randolph J. Haines
        United States Bankruptcy Judge

7

8  Copy of the foregoing e-mailed
   this 29th day of March, 2006, to:

9  Gary R. Stickell, Esq.
   301 East Bethany Home Road, Suite B100

10 Phoenix, AZ 85012
   Attorney for Debtors

11 e-mail: gstickell@garystickell.net

12 Allison M. Lauritson, Esq.
   Lane & Nach, P.C.

13 2025 North Third Street, Suite 157
   Phoenix, AZ 85004

14 Attorneys for Jill H. Ford, Chapter 7 Trustee
   e-mail: allison.lauritson@lane-nach.com

15

16  /s/ Pat Denk
   Judicial Assistant

17

18

19

20

21

22

23

24

25

26

27

28

7